**BOSTON EDISON COMPANY,**
Petitioner,

v.

**FEDERAL POWER COMMISSION,**
Respondent,

Boston Gas Company, Intervenor.

No. 71-1224.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 28, 1972.

Decided March 14, 1972.

Mr. George F. Bruder, Washington, D. C., with whom Mr. Thomas M. Debevoise, Washington, D. C., was on the brief, for petitioner.

Mr. James R. Tourtellotte, Atty., Federal Power Commission, of the bar of the Supreme Court of Oklahoma, *pro hac vice*, by special leave of court, for respondent. Messrs. Gordon Gooch, Gen. Counsel, Leo E. Forquer, Solicitor, and J. Richard Tiano, Asst. Solicitor, Federal Power Commission, were on the brief for respondent.

Mr. Richard A. Solomon, Washington, D. C., with whom Mr. Paul M. Ruden, Washington, D. C., was on the brief, for intervenor.

Before WRIGHT and WILKEY, Circuit Judges, and JAMES F. GORDON,[*] Chief Judge, United States District Court for the Western District of Kentucky.

PER CURIAM:

Prior to these proceedings before the Federal Power Commission the Boston Edison Company, a public utility under the Federal Power Act, 16 U.S.C. § 791a *et seq.* (1970), served seven all-requirements wholesale customers, including Boston Gas Company, under its standard Electric Utility Rate M. The application of the rate was modified, however, by a special contract provision providing for a different, and more favorable, billing demand basis to Boston Gas. On February 28, 1969, Boston Edison filed notice of termination of its special agreement with Boston Gas. On March 27, 1970, the Commission suspended this filing for one day, placed the standard M rate into effect as to Boston Gas subject to refund, and set the matter for hearing in Docket No. E-7485.

---

[*] Sitting by designation pursuant to 28 U.S.C. 292(c) (1970).

The Commission's other docket concerned with this appeal, Docket No. E–7533, arises from Boston Edison's January 29, 1970 filing of its new S–1 rate to replace the M rate. Boston Edison proposed to include Boston Gas within the S–1 rate without modification. It alleges that the special contract provision with Boston Gas as to the M rate was negotiated to reflect a non-coincident demand factor which allegedly no longer exists. The Commission suspended for one day Boston Edison's S–1 filing as to all wholesale customers, including Boston Gas, on April 29, 1970, consolidated it with Docket No. E–7485, and assigned the consolidated proceedings to an examiner for hearing purposes. The effect of the Commission's action was to apply the unmodified M rate as to all wholesalers, including Boston Gas, during the month of April 1970 and the S–1 rate thereafter, both subject to refund.

Undertaking its burden under Section 205(e) of the Act, 16 U.S.C. § 824d(e), to prove that the increased rate as to Boston Gas in Docket No. E–7485 and as to Boston Gas and the other wholesalers in Docket No. E–7533 was "just and reasonable," Boston Edison put in its case-in-chief before the examiner. At the close thereof, Boston Gas filed a motion directly with the Commission to dismiss as to Boston Gas both dockets, alleging failure on the part of Boston Edison to make out a *prima facie* case for the increases. The Commission, holding that "no direct evidence has been shown to be presented specifically with regard to [Docket No. E–7485]," dismissed that docket and referred that part of Boston Gas' motion relating to Docket No. E–7533 "to the Presiding Examiner for [initial] determination." It is from the order of the Commission dismissing Docket No. E–7485 that Boston Edison appeals.

At the start of the consolidated proceedings the examiner chose the year 1969 as the test period for both Docket No. E–7485 and Docket No. E–7533, and Boston Edison's proof in support of the rate increases was directed toward that year. Since the rate in Docket No. E–7533 was in excess of the rate in Docket No. E–7485, proof sufficient to support the application in that docket *a fortiori* would support the application in Docket No. E–7485. But for some reason not supported by the record, the Commission held that Boston Edison's proof was directed to Docket No. E–7533, not Docket No. E–7485, and dismissed Docket No. E–7485. The Commission makes no effort to explain why the common test year data offered by Boston Edison is applicable to one, but not the other, docket.

On rehearing the Commission sought to buttress its original order by holding: "As [Boston] Gas had for some time been served under a special and unique rate reflecting a non-coincident demand factor, Edison was obliged under Section 205 to advance evidence directly relating to this specialized rate in order to support cancellation of the special provision." But as Section 205(e) of the Act states, the burden on Boston Edison is "to show that the increased rate or charge is just and reasonable," and this proof must focus on the test period, not on some prior specialized rate. Of course, proof tending to support cancellation of the specialized rate would also tend to show that the resulting increased rate is just and reasonable, but such evidence would not necessarily be required to make out a *prima facie* case. In any event, the probative value of such evidence is just as obvious in Docket No. E–7533 as it is in Docket No. E–7485, and it is not suggested that any such evidence was introduced in Docket No. E–7533.

Since the same test year data is applicable to both dockets and since the rate increase in Docket No. E–7533 is in excess of the increased charge in Docket No. E–7485, if the evidence in No. E–7533 is sufficient to support a remand to the examiner for an initial determination of Boston Gas' motion to dismiss that docket, at least similar disposition is required as to Docket No. E–7485.

So ordered.